## No. 791.

CAROLINE LANOUE, Administratrix, *v.* A. C. DUMARTRAIT, Administrator.

The only privilege granted by law to the depositor is on the price of the sale of the thing deposited by him.

The law does not give a general privilege to the depositor, but simply on a particular movable.

Where the funds deposited have been appropriated by the depositary, and of course can not be identified, and the amount thereof or therefor is not due to the depositary by another, there is nothing subjected to the privilege.

There is no law known to the court that allows the general privilege claimed by the plaintiff, as depositor, on the property of the depositary's succession. Said succession, being insolvent, other creditors would be affected, and it seems that, to avail, plaintiff's claim, if it exist, registry is necessary, but has not been made.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *F. Gates*, for plaintiff and appellant. *DeBlanc & Perry*, for defendant and appellee.

HOWELL, J. Counsel agree that only two questions are presented in this case, to wit:

*First*—Is the plaintiff, a depositor, entitled to a privilege against the depositary of funds deposited with and used by him?

*Second*—Can the depositary plead, in compensation, debts due by, or paid on account of the depositor, for any other purpose than the preservation of the thing deposited?

The defendant, not having appealed, the latter question, practically decided against him, can not be examined.

As to the first, the only privilege granted by law to the depositor, is a privilege " on the price of the sale of the thing by him deposited."

R. C. C. 3217, No. 5, 3223 and 2962. In this case there is nothing on which the privilege can operate. The law does not give a general privilege to the depositor, but simply on a " particular movable." There is no price of the sale of the thing due. The funds have been appropriated by the depositor, and, of course, can not be identified ; and the amount thereof· or therefor, not being due to the depositor by another, there is nothing subjected to the privilege. The plaintiff is claiming a general privilege upon the property of the depositor's succession, and we are aware of no law which accords such a privilege, and the succession being admitted to be insolvent, other creditors would be affected, and it seems that to avail the plaintiff, if it exist, registry is necessary, but has not·been made.

Judgment affirmed.